IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DARLENE SCHMIDT,<br><br>Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF PROCESS, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND DISMISSING PLAINTIFF'S CASE |
| vs. | |
| RICK HARDMAN and SHIRLEY COOPER AUGILAR,<br><br>Defendants. | Case No. 2:05-CV-1005 TS |

Plaintiff, Darlene Schmidt, has filed with the Clerk of the Court a *pro se* civil rights complaint under 42 U.S.C. §§ 1983, 1985.[1] Plaintiff's Complaint also alleges violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Plaintiff's application to proceed *in*

---

[1]Docket No. 3.

*forma pauperis* has been granted.[2]  Plaintiff has now filed a Motion for Service of Process[3] and a Motion to Appoint Counsel.[4]

The Court has completed the screening process set forth under 28 U.S.C. § 1915.  Having reviewed the pleadings in the file and being otherwise fully informed, the Court will deny Plaintiff's Motion for Service of Process and her Motion to Appoint Counsel, and will dismiss this case.

## I.  STANDARD

Under § 1915(e)(2)(B), the Court may dismiss Plaintiff's Complaint if it is frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.[5]

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[6]  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[7]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent

---

[2] Docket No. 2.

[3] Docket No. 5.

[4] Docket No. 4.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

standard than formal pleadings drafted by lawyers."[8]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9]  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [she] must provide such facts if the court is to determine whether [she] makes out a claim on which relief can be granted."[10]  With these standards in mind, the Court will address the causes of action set out in Plaintiff's Complaint.

## II.  PLAINTIFF'S COMPLAINT

Plaintiff's Complaint alleges that in 1997, the IRS sent her completed income tax forms from the years 1990, 1991, 1992, and 1993.  The IRS requested that she sign these forms and return them.  Plaintiff refused to do so, stating that she had not worked since 1982.  Plaintiff asked for a copy of the W2 forms for these years.  The IRS informed her that they would send the W2 forms, but they were never received by Plaintiff.  Plaintiff then alleges that the income tax forms from the years 1990, 1992, and 1992 were all cancelled, but that the 1991 return remained.

Plaintiff alleges that she has repeatedly asked for help from the IRS on this matter, but that she has not received any.  Plaintiff alleges that in March 2005, she told the IRS that she was getting Social Security.  The IRS informed her that she owed it money and a collection was

---

[8]*Id*. at 1110.

[9]*Id*.

[10]*Id*.

3

started.  Again Plaintiff sought help in resolving this matter, but she alleges that she did not receive the documentation she requested from the IRS.

Plaintiff then alleges that she contacted the Taxpayer Advocates Office for help, but was informed that they would not help.  In September 2005, Plaintiff alleges that the IRS collected about $100 from her Social Security and that the same amount was deducted in October and November.  Plaintiff has brought this suit alleging violations of 42 U.S.C. §§ 1983, 1985, and numerous constitutional provisions.

### III.  PLAINTIFF'S CAUSES OF ACTION

A.  42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[11]  Plaintiff has not alleged that this actions were committed by a person acting under color of state law.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[12]  The Tenth Circuit has held that § 1983 "does not apply to federal officers acting under color of federal law."[13]  That "section applies to action by state and local entities not to the federal government."[14]  It appears that

---

[11]*West v. Atkins*, 487 U.S. 42, 48 (1988).

[12]*Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941).

[13]*Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979).

[14]*Belhomme v. Windall*, 127 F.3d 1214, 1217 (10th Cir. 1997).

Defendant Hardman is a federal employee and that Defendant Augilar is a private citizen.  Since Plaintiff has failed to allege that Defendants were acting under color of state law, Plaintiff has failed to state a claim under § 1983.

B.  42 U.S.C. § 1985

"The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[15]  "[H]owever, § 1985(3) does not 'apply to all tortious, conspiratorial interferences with the right of others,' but rather, only to conspiracies motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'"[16]

Plaintiff's Complaint is completely devoid of any allegations of racial or class-based discriminatory animus and, therefore, fails to state a claim for relief under § 1985.

C.  THE FOURTH AMENDMENT

Plaintiff claims that Defendants' actions have violated her Fourth Amendment rights. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."[17]

---

[15]*Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

[16]*Id.* (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971)).

[17]U.S. Const. amend IV.

5

The Court finds that Plaintiff has failed to state a claim under the Fourth Amendment. Plaintiff's only possible claim under the Fourth Amendment is that her property was seized in violation of this Amendment. The Court believes that this claim would be better interpreted as a claim under the Fifth Amendment and will be discussed below.

## D.  THE FIFTH AMENDMENT

The Fifth Amendment provides that a person shall not be deprived of property without due process of law.[18]  The Tenth Circuit has held "that federal income tax withholding does not result in a taking of property without due process."[19]  Therefore, Plaintiff has failed to state a claim under the Fifth Amendment.

## E.  THE SIXTH AMENDMENT

Plaintiff alleges violations of the Sixth Amendment. The Sixth Amendment begins by stating that "[i]n all criminal prosecutions, the accused shall enjoy" various rights.[20]  "The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.'"[21]

Plaintiff does not allege that she has ever been "the accused" in a "criminal prosecution." Therefore, she does not state a claim under the Sixth Amendment.

---

[18]U.S. Const. amend V.

[19]*Campbell*, 610 F.2d at 702 (citing *United States v. Smith*, 484 F.2d 8, 11 (10th Cir. 1973)).

[20]U.S. Const. amend V.

[21]*Austin v. United States*, 509 U.S. 602, 608 (1993).

F.  THE EIGHTH AMENDMENT

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."[22]  Plaintiff has alleged that Defendants' actions violate the Excessive Fines Clause and the Cruel and Unusual Punishments Clause of the Eighth Amendment.

The Supreme Court has stated that the word "fine" means "a payment to a sovereign as punishment for some offense."[23]  The Court stated that the Excessive Fines Clause, while generally applying only to criminal penalties, also applies to *in rem* civil forfeiture proceedings.[24] Plaintiff has not alleged that she has been subject to a criminal penalty or an *in rem* civil forfeiture proceeding.  As a result, she has failed to state a claim under the Excessive Fines Clause of the Eighth Amendment.

Plaintiff also seems to allege that Defendants' actions here violate the Cruel and Unusual Punishment Clause of the Eighth Amendment.  This provision, however, has generally been applied only to criminal sanctions.[25]  Since Plaintiff has not alleged that Defendants' actions constituted a criminal sanction, she has failed to state a claim under the Eighth Amendment's Cruel and Unusual Punishment Clause.

---

[22]U.S. Cont. amend. VIII.

[23]*Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989).

[24]*Austin*, 509 U.S. at 604.

[25]*Ingraham v. Wright*, 430 U.S. 651, 669 n.37 (1977) (noting that there may be some punishments which are sufficiently analogous to criminal punishments that the Eighth Amendment would apply).

G.  THE FOURTEENTH AMENDMENT

Plaintiff has also alleged that Defendants' actions violated her rights under the Fourteenth Amendment.  Plaintiff alleges violations of both the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment.

The Fourteenth Amendment provides that "[n]o *State* shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any *State* deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."[26]  The Fourteenth Amendment, like § 1983, is "applicable only to actions by state and local entities, not by the federal government."[27]

Since, as discussed above, Plaintiff has failed to allege that Defendants are state actors, Plaintiff has failed to state a claim for relief under the Fourteenth Amendment.

H.  UTAH CODE ANN. § 76-3-203.3

Plaintiff's final cause of action is under Utah Code Ann. § 76-3-203.3.  That statute provides that "[a] person who commits any primary offense with the intent to intimidate or terrorize another person or with reason to believe that his action would intimidate or terrorize that person is guilty of a third degree felony."[28]

This provision is a criminal statute which does not provide Plaintiff with a civil cause of action.  Therefore, Plaintiff has failed to state a cause of action under this law.

---

[26]U.S. Const. amend XIV (emphasis added).

[27]*Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

[28]Utah Code Ann. § 76-3-203.3(2).

8

## IV.  CONCLUSION

It is hereby

ORDERED that Plaintiff's Motion for Service of Process (Docket No. 5) is DENIED.  It is further

ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 4) is DENIED as moot.  It is further

ORDERED that Plaintiff's Complaint is DISMISSED.  The clerk of the court is direct to close this case forthwith.

DATED   December 14, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge